UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, U.S. DEPARTMENT OF LABOR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>IDAHO FALLS SCHOOL DISTRICT NO. 91,<br><br>　　　　　Defendant. | Case No. 4:15-cv-00019-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Motion to Intervene (Dkt. 14) filed by Intervenor Penny Weymiller, as well as a Petition for Writ of Mandamus filed by Defendant Idaho Falls School District, No. 91 (Dkt. 10). For the foregoing reasons, the Court will grant the motion to intervene, and deny the petition for writ of mandamus.

## FACTUAL BACKGROUND

Plaintiff Thomas E. Perez, Secretary of Labor (the "Secretary"), brings this action against Defendant Idaho Falls School District (the "District"), alleging violations of the whistleblower provision found in the Asbestos Hazard Emergency Response Act of 1986 ("AHERA"). *Compl.*, ¶ 1.

From August 25, 2007 to June 5, 2011, Penny Weymiller was employed by the

District as an Environmental Safety and Health Engineer. *Id.*, ¶ 4. According to the Secretary, Ms. Weymiller sent an email to her supervisor and the District superintendent on March 9, 2011 expressing her concerns about the removal of asbestos from boiler pipes at one of the District's schools: C.E. Gayle Junior High. *Id.*, ¶ 5. Ms. Weymiller expressed concern that, due to the amount of asbestos needing to be removed during the testing of the pipes, the asbestos workers' containment procedures would be out of compliance with AHERA. She also expressed a concern that the compressed timeline for removal of asbestos before spring break could heighten the chance of an accidental release, thereby jeopardizing the health of employees and violating environmental, safety, and health regulations. *Id.*

The Secretary alleges that after Ms. Weymiller sent this email, the District began retaliating against her. For instance, on March 25, 2011, Ms. Weymiller's supervisor rejected Weymiller's request for flex-time credit for time spent traveling to a training program. On April 18, 2011, Ms. Weymiller's supervisor increased Weymiller's number of work days per year. On April 25, 2011, Ms. Weymiller's supervisor refused to provide Weymiller with a professional work experience reference. On May 12, 2011, Ms. Weymiller was placed on administrative leave. *Id.*, ¶¶ 6–9.

On May 31, 2011, Ms. Weymiller timely filed a complaint with Occupational Safety and Health Administration ("OSHA"), alleging that she was retaliated against. Soon after, on June 10, 2011, Ms. Weymiller was informed that her employment had been terminated effective June 6, 2011. *Id.*, ¶¶ 11–12.

The Secretary investigated Ms. Weymiller's claims and determined that the

District had violated Section 211(a) of AHERA. The instant complaint was filed on January 26, 2015. Therein, the Secretary seeks injunctive relief, as well as reinstatement and lost wages and benefits for Ms. Weymiller.

In its Petition for Writ of Mandamus, the District alleges that the Secretary has simultaneously commenced two actions in two different federal venues, alleging the same facts, seeking the same remedy, and promoting the same public purpose. *Id*. The first action (the "CAA Action") is an administrative proceeding brought under the Clean Air Act ("CAA"), which resulted in a January 15, 2015 Findings and Order for relief against the District. The CAA Action is based on the alleged retaliation Ms. Weymiller experienced after sending the March 9, 2011 email referenced above. The second action is the present one—the Secretary has filed this action in federal district court under AHERA, which is also based on alleged retaliation following the March 9, 2011 email ("AHERA Action"). The District has petitioned this Court for a writ of mandamus "to dismiss the Secretary of Labor's Findings and Order, dated January 15, 2015, and subsequent administrative hearing." Dkt. 10, pp. 1–2.

The Secretary's January 15, 2015 Findings and Order ("Secretary's Order") informed the District that the Department of Labor had completed its investigation under the CAA and AHERA. Dkt. 10-4, p. 1. It stated that originally, Ms. Weymiller's complaint was to be investigated under AHERA, but in December of 2013, "[the District] was informed that the complaint as alleged also implicates the provisions of the CAA and would also be investigated under that statute." *Id*. The Secretary's Order is specific to the CAA Action only; it noted that the "[t]he investigation of the AHERA complaint is

**MEMORANDUM DECISION AND ORDER - 3**

currently under review by the Office of the Solicitor of Labor and will be pursued in federal district court." *Id*. The Secretary's Order indicated that the District did retaliate against Ms. Weymiller after she engaged in protected activity, and ordered it to (1) reinstate Ms. Weymiller; (2) award her back pay, plus interest; (3) pay compensatory damages in the amount of $175,765.81; (4) pay attorney fees in the amount of $10,970.75, and other, non-compensatory relief. *Id*. Finally, the Secretary's Order explained that the District had thirty days to file objections and request a hearing before an Administrative Law Judge ("ALJ"), and that if no objections were filed, the Findings would become final and not subject to court review. As explained in the Secretary's Order, the ALJ would conduct a hearing and issue a decision based on the evidence and arguments. This decision would be subject to review by the Administrative Review Board. *Id*.

The District maintains that it was not until the Secretary's Order —received approximately forty-two and one-half months after the OSHA investigator prepared his Report of Filing Complaint of Discrimination—that the District was first informed that an investigation had also been conducted under the CAA, in addition to AHERA. *Id*. It claims further that Ms. Weymiller's complaint of discrimination was never amended to include a CAA-related allegation.

On August 14, 2015, the District filed a Petition for Writ of Mandamus ("Petition"), asking the Court to dismiss the Secretary's Order and compel the ALJ to dismiss the appeal for lack of jurisdiction. Thereafter, Ms. Weymiller filed a motion to intervene for the purpose of responding to the District's Petition. The Petition and the

**MEMORANDUM DECISION AND ORDER - 4**

motion to intervene are fully briefed and at issue, and the Court finds that a hearing would not aid the decision-making process.

## ANALYSIS

The Secretary opposes the District's Petition, arguing that the District is, in effect, seeking substantive review of Ms. Wemiller's administrative claim under the CAA, that this Court has no jurisdiction over the CAA claim, and has no jurisdiction to grant the relief the District requests.

As discussed below, the Court will grant Ms. Weymiller's motion to intervene for the purpose of challenging the District's Petition. Further, the Court will deny the District's Petition on the grounds that it lacks jurisdiction to provide the requested relief.

1. Motion to Intervene

Penny Weymiller seeks to intervene for the purpose of challenging the District's Petition. Dkt. 14. Ms. Weymiller makes this motion pursuant to Federal Rule of Civil Procedure 24(a)(2) (Intervention of Right), or in the alternative, Rule 24(b)(1) (Permissive Intervention). Neither the District nor the Secretary filed a response to Ms. Weymiller's motion to intervene.

Federal Rule of Civil Procedure 24(a)(2) provides:

On a timely motion, the court must permit anyone to intervene who:

(1) is given a conditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately protect that interest.

**MEMORANDUM DECISION AND ORDER - 5**

F.R.C.P. 24(a). Thus, "[a] party seeking to intervene as of right must meet four requirements: (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

The Court finds all four requirements are met here. First, Ms. Weymiller's motion to intervene was timely filed on September 2, 2015, two-and-a-half weeks after the District filed its Petition for Writ of Mandamus. *See Arakaki*, 324 F.3d at 1084 ("The district court did not abuse its discretion by finding Hoohuli's motion, filed three weeks after the filing of Plaintiffs' complaint, timely.").

Second, Ms. Weymiller has a significant protectable interest in the outcome of the District's Petition. This requirement is satisfied when "the interest is protectable under some law" and "there is a relationship between the legally protected interest and the claims at issue." *Id*. (quotations omitted). Each element must be satisfied. *Id*. The second element is satisfied when "the resolution of the plaintiff's claims actually will affect the applicant." *Id*. (quotations omitted). Here, the District has asked this Court to direct the "ALJ to vacate the [S]ecretary's [O]rder and dismiss the appeal based on lack of jurisdiction." Ms. Weymiller has a significant protectable interest in the administrative case currently pending before the ALJ.

Third, a ruling in favor of the District would severely impair Ms. Weymiller's

**MEMORANDUM DECISION AND ORDER - 6**

ability to protect her interest in her administrative case.

Fourth, this Circuit "follow[s] the guidance of Rule 24 advisory committee notes that state that 'if an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'" *Southwest Center*, 268 F.3d. 810, 822 (9th Cir. 2001)(citation omitted). "The burden on proposed intervenors in showing inadequate representation is minimal, and would be satisfied if they could demonstrate that representation of their interests 'may be' inadequate." *Arakaki*, 324 F.3d at 1086 (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972)). The Court finds that the Secretary's and Ms. Weymiller's interests are sufficiently dissimilar to justify intervention. Most importantly, Ms. Weymiller could be substantially affected by a determination in this action.

Ms. Weymiller shall be allowed to intervene as a matter of right for the limited purpose of responding to the District's Petition. Ms. Weymiller has already filed her response to that Petition, and the Court has taken it into account in making its determination below.

  2. <u>Petition for Writ of Mandamus</u>

The District is "seeking relief from the injustice of being subject to an administrative hearing for which it never received proper notice and was denied the opportunity to meaningfully respond." Dkt. 18, p. 1. It asks this Court to "direct[] the ALJ to vacate the Secretary's Order and dismiss the appeal." *Id.*, p. 10. For the reasons discussed below, this Court lacks the jurisdiction to impose that relief.

  a. *The Court lacks subject matter jurisdiction to provide the requested relief*

**MEMORANDUM DECISION AND ORDER - 7**

The Secretary argues that this Court lacks jurisdiction to issue a writ of mandamus because the CAA grants exclusive jurisdiction over whistleblower claims to the Department of Labor and the Court of Appeals, and because the District has not exhausted its administrative remedies. The Court agrees.

    i.    <u>The DOL and courts of appeals have exclusive jurisdiction over CAA whistleblower claims</u>

The CAA Action was brought under 42 U.S.C. § 7622. That provision prohibits an employer from discriminating against an employee because she has commenced or participated in a proceeding under the CAA, or "has assisted . . . in any manner . . . in any other action to carry out the purposes of the [CAA]." 42 U.S.C. § 7622(a). If the Secretary determines that such a violation has occurred, "the Secretary shall order the person who committed such violation to (i) take affirmative action to abate the violation, and (ii) reinstate the complainant to his former position together with the compensation (including back pay), terms, conditions, and privileges of his employment, and the Secretary may order such person to provide compensatory damages to the complainant." 42 U.S.C. § 7622 (b)(2)(B). Here, the Secretary's Order sent to the District on January 15, 2015 is such an order.

Section 7622 goes on to outline the review procedure applicable to an order issued under Subsection (b)(2)(B):

> (1) Any person adversely affected or aggrieved by an order issued under subsection (b) of this section *may obtain review of the order in the United States court of appeals for the circuit* in which the violation, with respect to which the order was issued, allegedly occurred. . . .
>
> (2) An order of the Secretary with respect to which review could have been

>obtained under paragraph (1) shall not be subject to judicial review in any criminal *or other civil proceeding*.

42 U.S.C. § 7622(c) (emphasis added).

The review procedure outlined in Section 7622 could not be clearer: it is the Court of Appeals that is vested with the jurisdiction to review the Secretary's Order. By asking this Court to "dismiss" the Secretary's Order, the District is effectively asking this Court to *review* that Order which would be wholly inconsistent with that statutory framework. Indeed, the District has made the very same arguments to this Court that it made to the ALJ within its motion to dismiss. *See* Dkt. 17, *Decl. of Emily Toler*, Ex. A. Review of the Secretary's Order is forthcoming from—appropriately—the ALJ. By the plain language of the statute, the Secretary's Order "shall not be subject to judicial review in any . . . civil proceeding." 42 U.S.C. § 7622(c). In sum, jurisdiction to ultimately review the Secretary's Order lies exclusively with the court of appeals.

A district court may have jurisdiction in certain instances to issue mandamus relief under 42 U.S.C. § 7622(f). But as discussed below, that provision is not applicable here.

> b. *The District is not seeking to compel a nondiscretionary duty imposed by Section 7622, and there is an adequate alternative remedy, which precludes jurisdiction under Section 1361 of Title 28.*

Section 7622(f) of Title 42 states: "[a]ny nondiscretionary duty imposed by this section shall be enforceable in a mandamus proceeding brought under section 1361 of Title 28." The District argues that the ALJ has a nondiscretionary duty to dismiss the CAA Action based on lack of jurisdiction "[b]ecause the Secretary's Order was improperly issued and the CAA does not apply to the District." Dkt. 10, p. 9. It argues

**MEMORANDUM DECISION AND ORDER - 9**

further that the Secretary "had a nondiscretionary duty to allow the District to respond to CAA allegations and to complete the investigation within ninety days, which the Secretary failed to do." Dkt. 18, p. 2.

The District's first problem is that here, it is not seeking to compel any nondiscretionary duties imposed by Section 7622. That Section makes no mention of an ALJ's duty to dismiss absent jurisdiction. While Section 7622 does appear to require the Secretary to allow the District to respond and to timely complete the investigation, the District is not asking the Court to compel the Secretary to comply with those provisions. Instead, the District seeks dismissal of the Secretary's Order altogether.

Even assuming that the District was asking the Court to compel nondiscretionary duties imposed by Section 7622, jurisdiction is not available under 28 U.S.C. § 1361. Section 1361 states: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

Mandamus relief under Section 1361 "is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Kildare v. Saenz*, 325 F.3d 1078, 1084–85 (9th Cir. 2003); *see also Heckler v. Ringer*, 466 U.S. 602, 616, (1984) ("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief. . . .").

**MEMORANDUM DECISION AND ORDER - 10**

Here, there is plainly an adequate alternative remedy—administrative review, followed by an appeal to the Ninth Circuit, could very well correct the errors alleged by the District. Again, the ALJ's post-hearing decision shall be reviewable by the Administrative Review Board, and that decision is subject to review by the Ninth Circuit Court of Appeals. Thus, the third requirement under Section 1361 is not satisfied and mandamus relief is not appropriate.

In sum, this Court lacks jurisdiction to enter the relief proposed by the District. The Secretary's Order and the ALJ's jurisdiction over the appeal of that Order are not reviewable by this Court. Moreover, the mandamus statute does not provide this Court with jurisdiction because there are other adequate and available remedies.[1] Finally, the Court notes that the District's concern about being subject to double recovery is likely unwarranted because both the CAA Action and the AHERA Action may eventually be consolidated and subject to review in the Court of Appeals for the Ninth Circuit. *See Ruud v. U.S. Dep't of Labor*, 347 F.3d 1086, 1087 (9th Cir. 2003) ("We hold that the court of appeals should entertain a petition to review an agency decision made pursuant to the agency's authority under two or more statutes, at least one of which provides for direct review in the courts of appeals, where the petition involves a common factual background and raises a common legal question. Consolidated review of such a petition avoids inconsistency and conflicts between the district and appellate courts while

---

[1] The other basis for jurisdiction cited by the District, 28 U.S.C. § 1331 is not by itself a basis for jurisdiction; rather, a party must show that its case arises under the "Constitution, laws, or treaties of the United States." *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

ensuring the timely and efficient resolution of administrative cases.")

# ORDER

1. Intervenor Penny Weymiller's Motion to Intervene for the limited purpose of responding to Defendant's Petition for Writ of Mandamus is GRANTED.

2. Defendant's Petition for Writ of Mandamus is DISMISSED for lack of jurisdiction.

DATED: March 15, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court