UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, U.S. DEPARTMENT OF LABOR,<br><br>    Plaintiff,<br><br>    v.<br><br>IDAHO FALLS SCHOOL DISTRICT NO. 91,<br><br>    Defendant. | Case No. 4:15-cv-00019-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the court is a Motion to Vacate and Reset Trial (Dkt. 39) filed by Defendant Idaho Falls School District (the "District"). Plaintiff Thomas E. Perez, Secretary of Labor (the "Secretary"), opposes the Motion. For the reasons set forth below, the Court will grant the motion, staying this litigation until a decision has been issued in parallel administrative proceedings pending before a Department of Labor Administrative Law Judge.

## BACKGROUND

On May 31, 2011, Penny Weymiller filed a whistleblower complaint with the U.S. Secretary of Labor, alleging that the District retaliated against her for raising concerns with its asbestos removal plans. The Occupational Safety and Health Administration

MEMORANDUM DECISION AND ORDER - 1

("OSHA") investigated Weymiller's claims under the whistleblower provisions of the Clean Air Act ("CAA"), 42 U.S.C. § 7622. OSHA granted relief against the District, who then requested a de novo hearing before an Administrative Law Judge ("ALJ"). The parties participated in a four-day trial before an ALJ in February 2016. However, a final decision has yet to be issued.

The Secretary of Labor simultaneously investigated Weymiller's complaint under the whistleblower provisions of the Asbestos Hazard Emergency Response Act of 1986 ("AHERA"). As a result of that investigation, the Secretary of Labor filed the present civil action in federal court on behalf of Weymiller, pursuant to AHERA, 15 U.S.C. § 2651(a). A trial in this matter is currently set to commence on April 3, 2017. The District now moves to vacate that trial date, to be reset after the ALJ has issued its decision in the parallel administrative proceeding.

## LEGAL STANDARD

The District's motion is most appropriately considered under the rubric of a motion to stay. This Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–707 (1997) (*citing Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). In deciding whether to grant a stay, the Court must weigh the competing interests of the parties, considering in particular: "[1] possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues,

proof, and questions of law which could be expected to result from a stay." *Lockyear v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quotation marks omitted). The moving party has the burden of establishing "a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

A stay may be appropriate when the result of a separate administrative proceeding has some bearing upon the district court case. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). "This rule . . . does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* However, "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Id.*

## ANALYSIS

Here, the Court finds that a brief stay of these proceedings is warranted. The potential for the administrative proceedings to have preclusive effect on this case is the most significant factor favoring a stay. The doctrine of collateral estoppel provides that "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Restatement (Second) of Judgments § 27 (1982).

It is well settled that principles of collateral estoppel may be applied to administrative adjudications, so long as the parties had a full and fair opportunity to

litigate the issues in question. *Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104, 107 (1991); *Allen v. McCurry,* 449 U.S. 90, 95 (1980). In *Utah Construction*, the Supreme Court set forth fairness requirements that a court must consider before finding that an administrative agency's decision has preclusive effect on a later filed action. *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966). These include whether: (1) the administrative agency acted in a judicial capacity; (2) the agency resolved disputed issues of fact properly before it; and (3) the parties had an adequate opportunity to litigate. *Id.*

Here, the ALJ is clearly acting in a judicial capacity in resolving Weymiller's administrative claims. Both the District and Weymiller were given a full and fair opportunity to litigate the issues in question, by submitting documentary and testimonial evidence at the four-day trial. The ALJ will ultimately issue a written decision setting forth his findings of fact and conclusions of law in written judgment. Accordingly, absent a compelling showing of unfairness, this Court may properly apply collateral estoppel principles to the ALJ's forthcoming decision.

The preclusive effect of the ALJ decision will be limited to issues of fact or law deemed "identical" to those presented here. The administrative and judicial whistleblower claims are based on the same facts—allegations that the District retaliated against Weymiller for reporting concerns of asbestos release. The claims also contain similar legal standards. The elements of both retaliation claims are that (1) the employee engaged in protected activity, (2) the employee suffered an adverse action, and (3) the

protected activity was a factor in the adverse action. 42 U.S.C. § 7622; 15 U.S.C. § 2651. The administrative claim, brought pursuant to the CAA, requires Weymiller to prove that her protected activity "caused or was a motivating factor in the adverse action." 29 C.F.R. § 24.109; 42 U.S.C. § 7622. The present case, brought pursuant to AHERA, requires proof that Weymiller's protected activity was a "but for" or "substantial reason" for the adverse employment action. 29 C.F.R. § 1977.6(b); 15 U.S.C. § 2651.

Plaintiff argues that the Court cannot give preclusive effect to a finding by the ALJ in light of these different legal standards. Undoubtedly, collateral estoppel effect may be denied because of fundamental differences in the legal standard or burden of proof between two proceedings. However, preclusion is nonetheless appropriate against a party who faced closely-related claims or a lower burden in the first action as compared with the second. Restatement (Second) of Judgments § 28 (1982). Therefore, despite the subtle differences in the applicable legal standards, application of collateral estoppel principles in this case is likely.

Another interest to be weighed is the relative hardship to the parties. Plaintiff argues that granting a stay would unnecessarily delay resolution of this case and any redress for Weymiller. The ALJ decision has been pending for over one year and is likely to be issued within the next few months. However, that decision could be appealed—first to the Department of Labor's Administrative Review Board (ARB) and subsequently the Ninth Circuit—causing protracted delays. An appeal of the ALJ's decision to the Ninth Circuit would not require an extension of any stay in this matter. The well-settled

MEMORANDUM DECISION AND ORDER - 5

"federal rule is that the pendency of an appeal does not suspend the operation of an otherwise final judgment as res judicata or collateral estoppel." *See* 1B J. Moore, Moore's Federal Practice ¶ 0.416[3] at 521 (2d ed. 1983). Thus, any conservation of judicial resources through application of collateral estoppel would be complete upon issuance of the Department of Labor's final judgment in the administrative proceedings.

The pendency of an appeal before the ARB is a different matter. Only the final decision of an administrative agency is entitled to preclusive effect. *See United States v. Dann,* 572 F.2d 222, 226 (9th Cir. 1978) (finding collateral estoppel inapplicable to an administrative decision where ICC proceedings had not yet been completed); *see also* Restatement (Second) of Judgments § 83 (1982). The ARB has authority to issue final agency decisions under the Clean Air Act and other environmental laws. 20 C.F.R. § 24.110(b). The ARB reviews the factual findings of the ALJ under the substantial evidence standard, but conclusions of law are reviewed de novo. *Id.*; *Stone & Webster Constr., Inc. v. U.S. Dep't of Labor*, 684 F.3d 1127, 1132 (11th Cir. 2012). There is an unsettled question as to whether the ALJ's ruling, while being appealed administratively to the ARB, should be deemed the agency's "final judgment" so as to be entitled to preclusive effect. Because there is yet no ALJ decision or ARB appeal, the Court need not prematurely resolve that issue today, beyond noting the potential for additional delays.

The hardship to both the Secretary and Weymiller from delaying resolution in this case is balanced by the hardship to both parties of prosecuting and defending two actions.

While it's possible that litigation will continue in this matter, a stay would potentially narrow or resolve the legal issues presented, avoid duplication of fact-finding, and prevent the needless waste of judicial and litigant resources.

Having weighed the relevant interests, therefore, the Court concludes that a stay pending issuance of the ALJ's decision will promote the just and efficient determination of this case. Accordingly, the Court will GRANT the District's motion.

## ORDER

IT IS ORDERED:

1. Defendant's Motion to Vacate and Reset Trial (Dkt. 39) is **GRANTED** and the trial date set for April 4, 2017 shall be **VACATED**.

2. This case shall be **STAYED** pending issuance of the ALJ's decision in *Weymiller v. Idaho Falls School District No. 91* (No. 2015-CAA-00001).

3. Within 10 days of the issuance of that decision, the parties shall file a joint status report notifying the Court of the ruling and of their intent to proceed with trial in this matter.

DATED: February 24, 2017

B. Lynn Winmill
Chief Judge
United States District Court