UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, U.S. DEPARTMENT OF LABOR,*<br><br>Plaintiff,<br><br>v.<br><br>IDAHO FALLS SCHOOL DISTRICT NO. 91,<br><br>Defendant. | Case No. 4:15-cv-00019-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the court is a Motion for Summary Judgment (Dkt. 44) filed by Defendant Idaho Falls School District (the "District"). Plaintiff R. Alexander Acosta, Secretary of Labor (the "Secretary"), opposes the Motion. The Court heard oral argument on August 10, 2017 and ordered supplemental briefing, which was completed on August 16, 2017. For the reasons set forth below, the Court will deny the motion.

## BACKGROUND

On May 31, 2011, Penny Weymiller filed a whistleblower complaint with the U.S. Secretary of Labor, alleging that the District retaliated against her for raising concerns with asbestos removal plans, in violation of the whistleblower provisions of the Asbestos

---

* R. Alexander Acosta has been substituted for his predecessor, Thomas E. Perez, as Secretary of Labor under Fed. R. Civ. P. 25(d).

Hazard Emergency Response Act of 1986 ("AHERA"). The Occupational Safety and Health Administration ("OSHA") investigated Ms. Weymiller's claims and announced its determination on January 15, 2015. OSHA found that Ms. Weymiller had been subject to whistleblower retaliation in violation of both the Clean Air Act ("CAA") and AHERA.

Under AHERA's whistleblower retaliation provisions, there is no private right of action beyond the filing of a complaint with the Secretary. However, if the Secretary determines that a violation has occurred, the statute requires that he file a complaint in the appropriate United Stated District court. 15 U.S.C. § 2651(b); 29 U.S.C. 660(c)(2). As such, after OSHA's determination that the District's actions violated AHERA' whistleblower provisions, the Secretary filed an action in this Court seeking both individual relief for Ms. Weymiller, and an injunction ordering the District to take certain steps to prevent future violations. Dkt. 1.

At the same time, the Secretary ordered individual relief for Ms. Weymiller pursuant to OSHA's determination that the District violated CAA's whistleblower retaliation provision.[1] Exercising its rights under the CAA, the District requested a *de novo* hearing on Ms. Weymiller's CAA claim before an Administrative Law Judge ("ALJ"). On May 2, 2017, ALJ Richard M. Clark issued his Decision and Order denying Ms. Weymiller's whistleblower complaint. Dkt. 44-7.

---

[1] In its order, the Secretary also required that the District take action similar to the injunctive relief it sought in the AHERA action. Given that the Secretary's order on the CAA claim is moot after the ALJ found for the District in that proceeding, whether such injunctive relief is appropriate under the CAA has no bearing on this matter.

Subsequently, the District sought a writ of mandamus in this Court ordering the ALJ to dismiss its review of the Secretary's determination that Ms. Weymiller had been subject to retaliation under the CAA. This Court declined to intervene, citing lack of jurisdiction. *See* Mem. Decision and Order at 8, Dkt. 28 (finding that the Department of Labor and the courts of appeals have exclusive jurisdiction over CAA claims). After the ALJ ruled in favor of the District on Ms. Weymiller's CAA retaliation claim, neither Ms. Weymiller or the Secretary sought an appeal, though both had that right. The District then filed this motion on the grounds that the Secretary is precluded from pursuing the AHERA claim based on the doctrine of collateral estoppel.

## LEGAL STANDARD

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, the parties do not raise any genuine disputes of material fact. Rather, the District argues that it is entitled to judgment as a matter of law, because the Secretary's claim is barred by the doctrine of collateral estoppel.

The doctrine of collateral estoppel provides that "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Restatement (Second) of Judgments § 27 (1982). Collateral estoppel applies to preclude an issue adjudicated in an earlier proceeding if: (1) the issue was necessarily decided at the previous proceeding and

is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741 (9th Cir. 2006).

It is well settled that principles of collateral estoppel may be applied to administrative adjudications. *See Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104, 107 (1991); *Allen v. McCurry,* 449 U.S. 90, 95 (1980). Thus, "[w]here an administrative agency has made relevant factual findings in the course of refusing relief which [it is authorized] to give, the finality of these findings, if sufficiently supported, cannot be avoided in a court action" for the same or similar relief. *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 420 (1966). Congress may limit the preclusive effect of agency adjudications, however, by providing for *de novo* review of a particular claim in federal court. *See Chandler v. Roudebush*, 425 U.S. 840 (1976) (finding that a statutory right to district court civil action entitles a plaintiff to *de novo* review of administrative determinations).

## ANALYSIS

The District argues that the issues of fact and law underlying the Secretary's AHERA claim were actually litigated and determined by final judgment on the merits in the ALJ proceeding on Ms. Weymiller's CAA claim, and that the Secretary was in privity with Ms. Weymiller in the CAA proceeding, such that he should be estopped from pursuing the AHERA claim. Neither party contests that relevant the issues of fact and law

were actually litigated and determined by final judgment during the ALJ proceeding.[2] Instead, the parties contest whether Ms. Weymiller and the Secretary were in privity. Before addressing this question, however, the Court must determine as a threshold matter whether claims under AHERA are subject to the preclusive effect of previous agency determinations.

1. **Application of Claim Preclusion to AHERA**

At issue is whether Congress has limited the preclusive effect of previous administrative determinations on claims for relief under AHERA. In *Chandler*, the Supreme Court held that Congress may establish such limits by providing for *de novo* review of a particular claim in federal court. 425 U.S. 840. *See also Univ. of Tenn. v. Elliott*, 478 U.S. 788 (1986). In *Elliott*, the Supreme Court applied *Chandler* and held that where Congress explicitly provided for *de novo* district court review of Title VII claims, such claims were not precluded by previous administrative determinations. *Elliott*, 478 U.S. at 796. As such, those claims could proceed, even where the Court separately held that the plaintiff in *Elliott* was precluded from bringing a claim on the same facts under § 1983, which does not provide for *de novo* review by a district court.

---

[2] The parties do contest whether the Secretary had the "full and fair opportunity" to litigate the matter in front of the ALJ. *See Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992) ("[C]ollateral estoppel may be used when: (1) there was a full and fair opportunity to litigate the issue in the previous action . . . ."). Neither party contests that either Ms. Weymiller or the District lacked a full or fair opportunity to litigate during the CAA proceeding. Further, the Secretary had the legal right to participate in the ALJ proceeding at any stage, including the right to pursue an appeal of the ALJ's determination. *See* 29 C.F.R. § 24.108 ("Role of Federal agencies"). That he did not exercise that right, other than to participate as an amicus, does not mean that he had no opportunity to do so.

Here, Congress has invested the federal district courts with jurisdiction to decide and provide relief for claims under AHERA. *See* 15 U.S.C § 2651(b) (providing that the Secretary shall review whistleblower retaliation complaints under AHERA pursuant to 29 U.S.C. § 660(c)); 29 U.S.C. § 660(c)(2) (providing that upon determination that a violation has occurred, the Secretary shall bring an action in the appropriate United States district court, and that such courts have jurisdiction to restrain violations "for cause shown."); *Chandler*, 425 U.S. at 844-45 (finding that a statutory right to district court civil action entitles a plaintiff to *de novo* review of administrative determinations). District court proceedings under 29 U.S.C. § 660(c) indeed involve *de novo* review of the initial determination of the Secretary. *See* e.*g.*, *Perez v. Clearwater Paper Corporation*, 184 F.Supp. 3d 831, 841 (evaluating whether the Secretary had carried his burden under § 600(c) to prove his case by a preponderance of the evidence). Because Congress has explicitly provided for *de novo* review of claims under AHERA, it has thus limited the preclusive effect of previous agency determinations on such claims. *Chandler*, 425 U.S. at 861-62. Thus, the determinations made by the ALJ in resolving Ms. Weymiller's claim under the CAA have no preclusive effect on the determination of the Secretary's AHERA claim. *See Elliott*, 478 U.S. at 796.[3]

---

[3] Like in *Elliott* and *Chandler*, the issue here is whether an unreviewed agency determination has preclusive effect on a claim where the Plaintiff has a statutory right to de novo review in a federal district court. *Chandler*, 425 U.S. 480; *Elliott*, 478 U.S. at 796. The Court does not address whether a final determination of Ms. Weymiller's CAA claim in federal court could have a preclusive effect on a subsequent AHERA claim. *See Czarniecki v. City of Chicago*, 633 F.3d 545, 551 (7th Cir. 2011) (declining to extend *Chandler* where plaintiff had brought a federal action under § 1983, lost, and then filed a second claim under Title VII on the same facts).

## 2. Privity

Even if collateral estoppel did apply to AHERA claims in the manner proposed by the District, the Secretary would not be precluded from pursing his claim under AHERA unless he was in privity with Ms. Weymiller during the administrative adjudication of her CAA claim. A court may find privity for purposes of collateral estoppel if any of the following six conditions is met: (1) the nonparty agreed to be bound by the litigation of others; (2) a "substantive legal relationship" existed between the person to be bound and a party to first suit; (3) the nonparty was adequately represented by someone with the same interests who was a party to the first suit; (4) the nonparty assumed control over the prior litigation; (5) a party attempted to relitigate issues through a proxy; or (6) a statutory scheme foreclosed successive litigation by nonparties. *Griswold v. County of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010), *citing Taylor v. Sturgell*, 553 U.S. 880, 893–95 (2008).

The Secretary's privity is best established here under (3), a theory of adequate representation and aligned interests.[4] However, "to assume that private individuals can

---

[4] As for (1), the Secretary's decision not to appeal the ALJ's Order is not equivalent to an agreement to be bound by that decision in collateral matters. The Secretary and Ms. Weymiller do not have the type of substantive legal relationship contemplated in *Taylor*, so as to satisfy (2). 553 U.S. at 893. The Secretary did not, moreover, exert control over Ms. Weymiller's CAA litigation, so as to satisfy (4). Although he had the opportunity to participate as a litigant, the Secretary participated only as amicus curiae in the administrative proceeding, not as a party. At no point did he have the authority to "direct the course of litigation or control the theories of the case." *Granite Rock Co. v. Int'l Brotherhood of Teamsters, Local 287*, 649 F.3d 1067 (9th Cir. 2011). As for (5), administrative agencies are not generally deemed "proxies" for aggrieved individuals in enforcement proceedings, insofar as agencies represent both public and private interests. *See, e.g.*, *Gen. Tel. Co. of the Nw. v. E.E.O.C.*, 446 U.S. 318, 326 (1980) ("the EEOC is not merely a proxy for the victims of discrimination . . . When the EEOC acts, albeit at the

(Continued)

properly be viewed as representative of a particular government is a . . . daring analytical leap." *United States v. E. Baton Rouge Par. Sch. Bd.*, 594 F.2d 56, 59 (5th Cir. 1979). In pursuing public enforcement actions, administrative agencies generally act both as a representative of a specific aggrieved individual and to vindicate a broader public interest. Aggrieved individuals therefore lack the required "identity of interests" with government agencies. Accordingly, few courts have found this kind of "adequate representation" privity between a governmental agency and private plaintiff. *See, e.g.*, *Secretary of Labor v. Fitzsimmons*, 805 F.3d 682, 684 (7th Cir. 1986) (en banc) ("The Government is not barred by the doctrine of res judicata from maintaining independent actions asking courts to enforce federal statutes implicating both public and private interests merely because independent private litigation has also been commenced or concluded."); *E.E.O.C. v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1288 (11th Cir. 2004) ("[I]f we were to hold that there was privity between the [] plaintiffs and the EEOC due to virtual representation or control, it would be the first time this Court has ever found this kind of privity between a governmental agency and the private plaintiffs in a prior action.").

Rather, a finding that private plaintiffs' interests are identical to those of the United States runs counter to "the general principle of law that the United States will not

---

behest of and for the benefit of specific individuals, it acts also to vindicate the public interest in preventing employment discrimination."). Finally, as for (6), neither AHERA nor the CAA foreclose successive litigation by a private party and the Secretary.

be barred from independent litigation by the failure of a private plaintiff." *United States v. E. Baton Rouge Parish Sch, Bd.*, 594 F.2d 56, 58 (5th Cir. 1979) ("This principle is based primarily upon the recognition that the United States has an interest in enforcing federal law that is independent of any claims of private citizens."). For that reason, privity has been found only where the later government action seeks to represent essentially private interests—i.e., where the government and private interests align.

In determining whether the government's interests are essentially private, courts place significant emphasis on the type of relief sought. A claim for monetary relief, e.g., back pay, is highly individual in nature and suggests the agency acts as a mere representative for the individual claimant. However, a claim for injunctive relief, e.g., requiring employer training, suggests the agency is acting as a separate entity seeking to vindicate public rights. *See, e.g.*, *EEOC v. Harris Chernin, Inc.*, 10 F.3d 1286, 1291 (7th Cir. 1993) (finding no privity between a plaintiff and the EEOC acting solely on his behalf insofar as the relief the EEOC sought was not individual damages but rather an injunction against further violation); *EEOC v. Goodyear Aerospace Corp.*, 813 F.2d 1539, 1542–43 (9th Cir. 1987) (same); *EEOC v. Kidder, Peabody and Company, Inc.*, 156 F.3d 298, 302 (2d Cir. 1998) (holding that an arbitration agreement precluded the EEOC from seeking purely monetary relief for an employee but did not preclude it from seeking injunctive relief.); *Donovan v. Diplomat Envelope Corp.*, 587 F. Supp. 1417, 1420 (E.D.N.Y. 1984), aff'd, 760 F.2d 253 (2d Cir. 1985) (finding privity where the Secretary's ultimate goal "was not so much to benefit Mr. Dugan personally as to create an atmosphere in which employees in general feel safe in making complaints" because

the Secretary sought to further this goal "through the means of benefiting Mr. Dugan personally."); *but see E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279 (2002) (EEOC may obtain victim-specific remedies on behalf of an employee who signed a valid arbitration agreement).

Here, the Secretary includes both a claim for individual damages (lost wages and reinstatement for Ms. Weymiller) and for injunctive relief, including:

> an Order permanently enjoining Defendant, their officers, agents, servants, employees and all persons acting or claiming to act in their behalf and interest from violating the provisions of Section 211(a) of AHERA, 15 U.S.C. § 2651(a)[;] . . .
>
> an Order directing Defendant District and its officers, supervisors, and lead employees to be trained in the whistleblower provisions of the AHERA and the OSH Act; and
>
> an Order requiring posting, in a prominent place at Defendant District for 90 (ninety) days, a Notice stating Defendant will not in any manner discriminate against employees because of engagement, whether real, perceived, or suspected, in activities protected by the whistleblower provisions of the AHERA and the OSH Act[.]

*Compl.* at 4:21–5:21, Dkt.1. The broad injunctive relief sought indicates that the Secretary's efforts involve a matter of greater public interest than Ms. Weymiller's individual suit. *Accord EEOC v. Waffle House, Inc.*, 193 F.3d 805, 812 (4th Cir.1999) ("[a]lthough the [administrative agency] acts in the public interest, even when enforcing only the charging party's claim, . . . the public interest aspect of such a claim is less significant than an [administrative agency] suit seeking large-scale injunctive relief to attack discrimination more generally").

This conclusion is complicated by the Secretary's statements suggesting that its interests are adequately protected by individual claimants in most whistleblower cases:

> Under the ERA and the Environmental Whistleblower statutes, OSHA does not ordinarily appear in the proceeding. The Secretary has found that in most whistleblower cases, parties have been ably represented and the public interest has not required the Department's participation. Nevertheless, the Assistant Secretary, at his or her discretion, may participate as a party or as amicus curiae at any time in the administrative proceedings . . . [and may] petition for review of a decision of an ALJ.

*Procedures for the Handling of Retaliation Complaints Under the Employee Protection Provisions of Six Environmental Statutes and Section 211 of the Energy Reorganization Act of 1974, as Amended*, 76 Fed. Reg. 2815-16 (Jan. 12, 2011) (to be codified at 29 C.F.R. Part 24). These statements, however, do not preclude the Secretary from taking action independent of private litigants where such action is warranted. Here, the Secretary's pursuit of broader injunctive relief demonstrates a determination that the public interest would not be adequately served by vindication of Ms. Weymiller's individual rights alone. Because there was no identity of interests, the Court finds that the Secretary was not in privity with Ms. Weymiller when she litigated her claim under the CAA, and is not estopped from pursing his claim under AHERA.

   3.     **Failure to Appeal**

The District argues that by failing to timely appeal the determination by the ALJ that no retaliation occurred, the Secretary adopted its findings as his own and thus is precluded from challenging them. *See* 29 C.F.R. § 24.110(b) ("if no timely petition for review [of the ALJ decision] is filed . . . the decision will become the final order of the Secretary [and] is not subject to judicial review."). The ALJ's decision, and the

Secretary's adoption of that decision do no more than reflect the agency's determination of Ms. Weymiller's claim against the District under the CAA. The Court has already found that previous agency determinations have no preclusive effect on the Secretary's ability to bring claims under AHERA, because Congress has expressly provided for the determination of such claims by a district court.

## CONCLUSION

The Court finds that the requirements for applying the collateral estoppel doctrine have not been satisfied by the particular circumstances of this case. Congress has limited the preclusive effect of prior agency determinations on claims under AHERA. Further, the Secretary does not represent the same legal interests as Ms. Weymiller, so as to establish privity between the two parties. Accordingly, the Court will deny the District's Motion for Summary Judgment.

## ORDER

**IT IS ORDERED:**

1. Pursuant to Fed. R. Civ. P. 25(d), Plaintiff R. Alexander Acosta shall be substituted for his predecessor, Thomas E. Perez, as Secretary of Labor.

2. Defendant's Motion to Supplement (Dkt. 53) is **GRANTED**.

3. Defendant's Motion for Summary Judgment (Dkt. 44) is **DENIED**.

4. Counsel for the Plaintiff shall contact courtroom deputy Jamie Bracke within one week following the entry of this Order to make arrangements for a telephonic trial setting conference with the Court to set pre-trial and trial deadlines.



DATED: December 6, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court